UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| JEFFERY TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 6:10-CV-342-GFVT |
| v. | ) |
| | ) **RECOMMENDED DISPOSITION** |
| KEN MOBLEY, ET AL., | ) |
| | ) |
| Defendants. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendants' motion to dismiss for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b), or in the alternative for relief pursuant to Rule 37 (D.E. 13), and Plaintiff's motion for a continuance. (D.E. 15). This matter has been referred to the undersigned for conducting all further proceedings in this matter, and for preparing a recommended disposition of any dispositive motions. (D.E. 10 at 3). For the reasons set forth herein, the Court **RECOMMENDS** that Defendants' motion to have the matter dismissed for lack of prosecution pursuant to Rule 41(b) be **DENIED in part**.[1]

## I. Background

Plaintiff Jeffery Taylor, proceeding pro se, filed his complaint on December 14, 2010. (D.E. 2). On January 6, 2011, the district court entered a Scheduling Order (D.E. 10), and discovery was to have commenced. The record indicates that Defendants propounded interrogatories and requests for production of documents upon Plaintiff on January 21, 2011. (*See* D.E. 13-1). Although Defendants followed up with a letter to Plaintiff seeking action on the

---

[1] The Court also enters, contemporaneously with this recommended disposition, an order granting Defendants' motion in part, insofar as an order compelling Plaintiff to promptly serve outstanding discovery responses upon Defendants was sought, and also denying Plaintiff's request for a stay.

discovery requests, no response has been forthcoming. (D.E. 13 at 2). The certificate of service indicates that Defendants sent their discovery requests to Plaintiff at the Christian County Jail in Hopkinsville, Kentucky.

On April 19, 2011, Defendants filed a motion to dismiss for lack of prosecution or for relief pursuant to Rule 37. (D.E. 13). In addition to failing to respond to their discovery requests, Defendants state that Plaintiff has also failed to serve upon them any discovery of his own. (*Id.*). On February 28, 2011, the Court ordered the parties to file a status report by no later than April 6, 2011, advising the court of the status of the litigation, among other things. (*See* D.E. 12). No such status report has been received from Plaintiff.

On May 13, 2011, Plaintiff filed a motion for continuance. (D.E. 15). Plaintiff states that since the filing of the action he has been incarcerated at the Christian County Jail in Hopkinsville, Kentucky. (*Id.* at 1). Plaintiff states that he "will be completing the Substance Abuse Program on June 30, 2011, and is eligible to be released on parole at that time." (*Id.*). Citing what he describes as "very limited access to the tools necessary to prosecute this action," Plaintiff requests a continuance to allow him, upon his release, "to retain counsel and to consult with medical and dental experts regarding this action." (*Id.*). Plaintiff does not specify the length of the continuance he seeks, but asks for "a reasonable period of time upon his release from custody to retain counsel and pursue prosecution of this action." (*Id.* at 2). Failing that, Plaintiff asks the Court to appoint counsel [for him] before allowing this action to proceed. (*Id.* at 2). On May 26, 2011, Defendants filed a response in opposition to Plaintiff's motion for a continuance, arguing that "[t]here is little in [Plaintiff's] motion that . . . supports a reasonable extension of time." (*Id.* at 1).

## II. Defendants Are Not Entitled To A Dismissal For Lack of Prosecution

Defendants request relief pursuant to Rule 41(b), which states that "[i]f the Plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The Sixth Circuit "has stated that dismissal of an action is a harsh sanction which the court should order only in extreme situations where there is a showing of a clear record of delay or contumacious conduct by the plaintiff." *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993). "Contumacious is defined as perverse in resisting authority and stubbornly disobedient." *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (internal markings and citation omitted). A court should consider four factors when determining whether to dismiss a case pursuant to Rule 41(b) or 37(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *U.S. v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002) (citing *Knoll v. Am. Tel. & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

Although adjudicating claims on their merits is preferred, "dismissal is appropriate when a pro se litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (citing *Holt v. Pitts*, 619 F.2d 558, 562 (6th Cir. 1980)). In this case, however, Plaintiff has engaged in neither contumacious behavior nor a clear pattern of delay. Plaintiff is required to comply with the Court's orders, yet Plaintiff failed to file a status report as ordered by the Court. As for the failure to timely respond to Defendants' discovery requests, Plaintiff has not complied with Rules of Civil Procedure, but no other delay has yet occurred. Indeed, the Scheduling Order in this matter gives the parties until July 5, 2011, to complete discovery.

Based upon the four-factor test, the Court concludes that dismissal at this stage would be error. "To support a finding that a plaintiff's actions were motivated by willfulness, bad faith, or fault under the first factor, the plaintiff's conduct 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings.'" *Schafer*, 529 F.3d at 737 (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (brackets and internal quotation marks omitted)). Although Plaintiff has failed to comply with an Order of this Court and with the applicable rules concerning discovery, the record demonstrates neither an intent to thwart the proceedings nor a reckless disregard for the effect of his conduct on those proceedings. This factor therefore weighs against dismissal.

As to the second factor, the Sixth Circuit has held that "a defendant is prejudiced by the plaintiff's conduct where the defendant 'waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997). Defendants do not identify any prejudice as a result of the slight delay that has occurred, and this factor therefore does not support dismissal for lack of prosecution.

Addressing the third factor, the Court of Appeals has held that "[p]rior notice, or the lack thereof, is . . . a key consideration" in determining whether a district court abused its discretion in dismissing a case for failure to prosecute. *Stough v. Mayville Community Sch.*, 138 F.3d 612, 615 (6th Cir. 1998). "This court has repeatedly reversed district courts for dismissing cases because litigants failed to appear or to comply with pretrial orders when the district courts did not put the derelict parties on notice that further noncompliance would result in dismissal." *Schafer*, 529 F.3d at 737-38 (quoting *Wu*, 420 F.3d at 644) (internal quotation marks omitted). In this case, Plaintiff has not yet been advised that his failure to participate in discovery or to

comply with the Court's orders could lead to the dismissal of his suit, and therefore this factor weighs against dismissal at this time. However, Plaintiff is hereby notified that further noncompliance with the Court's orders may result in dismissal of this action.

As for the fourth factor, "the sanction of dismissal is appropriate only if the attorney's actions amounted to failure to prosecute and no alternative sanction would protect the integrity of the pretrial process." *Wu*, 420 F.3d at 644 (internal markings omitted). Although Plaintiff has taken limited action since filing the complaint in this matter, he has opposed Defendants' motion to dismiss. Moreover, having considered alternative sanctions, the Court has ordered the alternative relief sought by Defendants: an order compelling Plaintiff to provide responses to the outstanding discovery requests. The Court has no reason to believe, at this stage, that the less drastic action would fail to have a salutary effect on the pace of the litigation.

Finding that none of the four factors supports dismissal of this action for failure to prosecute, the Court recommends that such relief be denied.

### III. Recommendation

For the reasons stated above, the Court recommends that Defendants' motion to dismiss for failure to prosecute be denied.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Fed. R. Civ. P. 72(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the

District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 22nd day of June, 2011.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge